UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN ESSELMAN, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 1:21-CV-00050-SNLJ |
| KILOLO KIJAKAZI,[1] | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
|         Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Kevin Esselman applied for disability insurance benefits under Title II of the Social Security Act. His application was denied, and he appealed the denial to an administrative law judge ("ALJ"). After a hearing, the ALJ found plaintiff was not disabled, and plaintiff now seeks judicial review. The case is fully briefed.

As discussed below, the Commissioner's decision is supported by substantial evidence on the record as a whole and is affirmed.

**I.    Background**

Plaintiff Esselman was born on December 28, 1965, and was 50 years old when he alleges he became disabled on November 11, 2016. He alleges disability due to bipolar disorder, an aneurysm, manic depression, and high blood pressure. [Tr. 212]. Plaintiff

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

completed high school in 1984 and automotive technician school in 1987.  [Tr. 213].

From February 1994 to November 2016, Plaintiff was employed as a restaurant maintenance manager.  [Tr. 213].

Plaintiff filed an application for disability insurance benefits on January 27, 2018.  [Tr. 13].  His claim was denied initially on July 18, 2018, and he requested a hearing by an Administrative Law Judge ("ALJ").  [Tr. 13].  After a hearing, the ALJ found that plaintiff was not disabled from the alleged date of November 11, 2017, through August 11, 2020, the date of the ALJ's decision.  [Tr. 30].  The Appeals Council denied review.  [Tr. 1-5].  Plaintiff now seeks judicial review.

## II.     Disability Determination—Five Steps

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]"  *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability.  20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1).  First, the Commissioner considers the claimant's work activity.  If the claimant is engaged in

2

substantial gainful activity, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities."  *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities."  *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(c), 404.1520a(d), 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(3)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(5)(i), 416.920(a)(4)(iv), 416.945(a)(5)(i).  An RFC is "defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations."  *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003)

3

(internal quotations omitted); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

     Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Bladow v. Apfel*, 205 F.3d 356, 358–59 n.5 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)( v). If the

4

claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)( v). If the claimant cannot make an adjustment to other work, then the claimant is disabled. *Id.*

### III. The ALJ's Decision

At Step One, the ALJ found plaintiff had "worked after the alleged onset date, but [the] work activity did not rise to the level of substantial gainful activity." [Tr. 16]. At Step Two, the ALJ found plaintiff suffers from the following severe impairments: residuals of an aneurysm, bipolar disorder, alcohol use disorder, and polysubstance abuse. [Tr. 16]. At Step Three, the ALJ determined plaintiff's severe impairments did not meet or equal a listed impairment. [Tr. 16].

Next, in Step Four, the ALJ determined plaintiff's RFC. The ALJ found that plaintiff

> has the residual functional capacity to perform light work as defined in 20 C.F.R 404.1567(b) except he can occasionally climb and occasionally balance. He is limited to work involving simple, routine tasks and simple work-related decisions. The claimant is limited to work involving occasional interactions with the public and coworkers. He can perform no fast-paced work such as work on an assembly line. [Plaintiff] will miss two or more days per month.

[Tr. 16]. Thus, plaintiff would be disabled. [Tr. 18-24].

5

The ALJ then reevaluated plaintiff's impairments in the absence of substance abuse.  [Tr. 25-29].  *See* 20 C.F.R. § 404.1535.  The ALJ determined that if plaintiff stopped the substance use, he would have the same RFC with the exception that he would not have an absence-related limitation.  [Tr. 25-26].  With the help of a vocational expert who testified at the hearing, the ALJ determined that if plaintiff stopped the substance abuse, plaintiff could perform the jobs of routing clerk, marker, and shipping and receiving weigher, which all exist in significant numbers in the national economy.  [Tr. 29].  Accordingly, the ALJ determined that plaintiff was not disabled.  [Tr. 29].

## IV.     Standard of Review

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.  42 U.S.C. §§ 405(g); 1383(c)(3).  Substantial evidence is less than a preponderance of the evidence but enough that a reasonable person would find it adequate to support the conclusion.  *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).  This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (alteration in original) (*quoting Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)).  The Court must also consider any evidence that fairly detracts from the Commissioner's decision.  *Id.*  "[I]f there is substantial evidence on the record as a whole, [the Court] must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992).  In reviewing whether the ALJ's decision was supported by substantial evidence, this Court does not substitute its own judgment

6

for that of the ALJ—even if different conclusions could be drawn from the evidence, and even if this Court may have reached a different outcome. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

Additional analysis is necessary when an ALJ finds that a claimant is disabled but there is medical evidence of drug addiction or alcoholism in the record. 20 C.F.R. § 416.935(a). In that case, the ALJ is required to determine if the substance abuse is a material contributing factor to the claimant's disability, with the "key factor" in the analysis being whether the ALJ "would still find [the claimant] disabled if [he] stopped using drugs or alcohol." 20 C.F.R. § 416.935(b)(1). The ALJ must determine which of the claimant's disabling physical or mental limitations would remain if the claimant stopped using drugs or alcohol, and then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). If the ALJ finds a claimant's remaining limitations would not be disabling, the substance abuse is a material contributing factor to the claimant's disability, and the ALJ must conclude the claimant is not disabled. 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 416.935(b)(2)(i). On the other hand, if the ALJ finds the remaining limitations would be disabling independent of the drug addiction or alcoholism, the substance abuse is not material and the ALJ must conclude the claimant is disabled. 20 C.F.R. § 416.935(b)(2)(ii).

V.  **Discussion**

As noted, at Steps One through Three, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability and that he had severe impairments, but the ALJ determined plaintiff's severe impairments did not

7

meet or equal a listed impairment, even with alcohol use disorder and polysubstance abuse. [Tr. 16]. In assessing plaintiff's RFC, including the plaintiff's substance abuse, the ALJ further found that plaintiff could perform light work with the restriction that he will miss two or more days per month. [Tr. 18]. The ALJ then considered plaintiff's mental impairments without substance abuse and found them to be severe such that they still required work-related restrictions. [Tr. 25-26]. However, the ALJ also found that, when compliant with medications and abstinent from drugs and alcohol, the plaintiff's mental impairments improved, so that plaintiff would have the same RFC but without the absence-related limitation. [Tr. 25-29].

    In the sole issue presented on appeal, plaintiff states:

> In determining what limitations remain without drugs and alcohol, the ALJ must base his decision on the substantial evidence of record which reveals the claimant's limitations absent substance abuse.

[Pl. Br. 1]. Plaintiff argues that his case should be remanded because the ALJ failed to support his finding that plaintiff's alcohol use was material to the finding of disability. More specifically, plaintiff contends that the ALJ's decision that plaintiff's mental impairments would not be disabling absent alcohol abuse was not based on substantial evidence.

    In that regard, plaintiff maintains that he experienced mental impairments despite medication and treatment and cites treatment records and opinions from psychiatrist Jay Liss, M.D., the treating physician. In the first two treatment records cited by plaintiff, Dr. Liss noted that while plaintiff was abusing alcohol and marijuana he suffered from poor memory, hallucinations, paranoid thinking, feeling overwhelmed, and difficulty sleeping,

8

and he had been arrested for unlawful use of a weapon after "firing a gun multiple times at his residence." [Tr. 719, 728]. In the third treatment note cited by plaintiff, plaintiff had symptoms of slow speech, manic affect and mood, and difficulty sleeping, despite sobriety. [Tr. 794]. However, in the fourth treatment note cited by plaintiff, he reported to Dr. Liss that he was doing well on his current medications and doses, and the only symptom noted was labile mood. [Tr. 796]. Contrary to plaintiff's argument, these treatment records are substantial evidence that with sobriety and treatment, plaintiff's symptoms were reduced.

Plaintiff also argues that the ALJ failed to support his conclusion that Dr. Liss's limitations pertained only to periods where plaintiff was using alcohol. This Court disagrees. The ALJ expressly considered Dr. Liss's statements and found that they "overstate [plaintiff's] functional limitations and are not persuasive. . ." when the plaintiff is not abusing alcohol and drugs. [Tr. 28]. The ALJ found that the plaintiff "would not have as severe of functional issues when medication compliant and abstinent, which is consistent with his generally normal mental status examinations when he was sober and on his medication." [Tr. 28].

In addition to considering objective medical evidence, the ALJ also considered other evidence relevant to plaintiff's symptoms, in compliance with 20 C.F.R. § 404.1529. [Tr. 26-28]. The ALJ discussed plaintiff's daily living activities, including "managing money, problem solving, social network, productivity, coping, behavior, [and] personal hygiene[,]" and noted that the plaintiff has the ability to "prepare meals, perform household tasks, and take care of finances." [Tr. 26, 28]. As such, the ALJ concluded

9

that the plaintiff's ability to engage in such activities was inconsistent with the significant limitations that plaintiff alleged even when he was sober and on his medication. Thus, when formulating plaintiff's RFC assessment, the ALJ properly considered plaintiff's functioning in the absence of drug and alcohol abuse.

Finally, plaintiff argues that the ALJ improperly relied on prior administrative medical findings without consideration of the later-received medical evidence. For claims filed on or after March 27, 2017, the ALJ will consider each medical source's opinion or prior administrative medical findings using five factors: supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The regulation requires that the ALJ explain how he "considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ "may, but [is] not required to, explain how [he] considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when [the ALJ] articulate[s] how [he] consider[ed] medical opinions and prior administrative medical findings in [the] case record." *Id*.

Here, the ALJ considered prior administrative medical findings from Martin Isenberg, Ph.D., dated July 13, 2018, in addition to the later-received medical evidence from Dr. Liss. [Tr. 80-92]. Dr. Isenberg noted that plaintiff had 'a drug addiction and alcoholism] issue." [Tr. 84]. He also indicated that plaintiff "retains sufficient mental

10

capacity to concentrate on, understand, and remember unchanging, less than four step instructions[,]" but that he "[m]ight have some difficulty interacting with the general public on a consistent basis due to mood issues." [Tr. 89-90]. Further, Dr. Isenberg found that plaintiff "retains sufficient mental capacity to carry out two-step commands with adequate persistence and pace; but he would struggle with detailed or complex instructions." [Tr. 89]. The ALJ found "this to be persuasive as it is consistent with the [plaintiff's] improvements after his aneurysm and supported by his mental abilities when not using alcohol or other substance, including his ability to work at his family's restaurant as a manager."

The ALJ did not improperly consider these prior administrative medical findings. The ALJ considered all of the evidence in the record, including the later-received medical evidence.

Ultimately it is not this Court's prerogative to second-guess the ALJ or reweigh the evidence for itself. *Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2016). The Court will defer to the ALJ's determinations so long as they are supported by good reasons and substantial evidence. *Id.* All in all, there is substantial evidence supporting the ALJ's finding that an RFC without the two-day per month limitation is appropriate. Accordingly, plaintiff is not disabled.

## VI.   Conclusion

Having found the ALJ's conclusions were supported by substantial evidence and that legal standards were correctly applied, this Court affirms the ALJ's decision.

Accordingly,

11

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED**, and plaintiff's complaint [Doc. 1] is **DISMISSED with prejudice**. A separate judgment will accompany this Order.

Dated this 30th day of September, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE